## JAMES REED v. THOMAS DEHORTY

Court of Common Pleas. Kent. May 15, 1804.

*Rodney's Notes.*

*Clayton, Bassett* [for plaintiff]. *H. Ridgely* [for defendant].

---

[1] Manuscript reads "assignor."

[2] Blank in manuscript.

Sidney Reed. Thomas D. and his hired hand tore down the garden and kitchen and took them off, fenced in and tilled the ground. Filled up the well about August three years ago, took off the kitchen the Spring before. James Reed lived there a year or two before.

Cross-examined. My father told Dehorty he did not claim, only that his brother told him to go in and live there as long as he please. D. said he had bought it.

Mary Eldridge, as above.

John Price. James Reed lived there two years before the trespass, and his son one year before him. James Reed said Dougherty had no right, but that the right was in his son, and he, James, had the possession under him.

William Reed.

*Ridgely,* in his opening, we do not deny the facts as charged, but justify that "the land was ours."

1797, deed from sheriff to William Hughlett. Same to Dougherty.

Shad Stradley. Kitchen was of little value.

James Whitaker.

James Reed, sworn, proves the loss of a deed.

*Clayton* for plaintiff. We complain of the trespass as the tenant of Martin Reed, who, it appears, had a title to the land as well as the possession. And if that was not the case, Dehorty, under the sheriff's deed, had no right to take possession forcibly but should have resorted to his action of ejectment.

*Ridgely.* 9 Mod. 35. I contend the land did belong to James Reed, and as we claim the title, he cannot maintain the action.

*Mr. Bassett* offered to give *Mr. Ridgely* an opportunity to answer case of *Ward and McCauley,* 4 Term 489.

[*Ridgely.*] A tenant who rented furniture may have his action of trespass against the sheriff for selling the goods for his landlord's debts. This action is founded on possession, and it is undeniable that the sheriff, after selling, cannot put the purchaser in possession—only by due course of law.

*Clayton* in conclusion.

CHIEF JUSTICE BOOTH. This action for pulling down etc. Defendant justifies; first, that he has title by a sheriff's deed. We conceive that every entry is a trespass, and that an actual peaceable possession is sufficient to maintain this action, but the owner of lands without possession cannot maintain the action. A

sheriff's deed only gives the right to possession; the actual possession must be obtained by law. The possession of defendant since the trespass can have no effect. As to damages, the jury will judge of them.

Verdict for plaintiff and damages, $30.